REQUESTED BY: Alfonza Whitaker, Director, Nebraska Equal Opportunity Commission
You requested our opinion regarding whether the Nebraska Equal Opportunity Commission [NEOC] has jurisdiction over a respondent who has only seven full-time employees, but employs students and field inspectors on a seasonal basis. The Nebraska Fair Employment Practice Act, at Neb. Rev. Stat. §48-1102(2) (1998), provides the NEOC with jurisdiction over employers who have fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. You noted that it would be necessary to count the Respondent's field inspectors as employees in order for the NEOC to acquire jurisdiction over the activities of the Respondent.
In your memorandum, attached to your request, you indicated that:
 Field inspectors are trained by the Respondent for the crop season when they will be working.
 Field inspectors set their own hours and decide when the crop will be inspected, within the time framework set by the Respondent.
Field inspectors are not supervised.
 Field inspectors report to no one, but are encouraged to contact the Respondent if they have any questions.
 Field inspectors do not report to the Respondent except for training.
Field inspectors are not given an employee handbook.
 Field inspectors complete a W-2 form and taxes are withheld according to what they indicate on the form.
Field inspectors receive no benefits from the Respondent.
In Haag v. Bongers, 256 Neb. 170 (1999), the Nebraska Supreme Court found that ten factors are to be considered in determining whether a person is an employee or an independent contractor: (1) the extent of control which, by the agreement, the employer may exercise over the details of the work; (2) whether the one employed is engaged in a distinct occupation or business; (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (4) the skill required in the particular occupation; (5) whether the employer or the one employed supplies the instrumentalities, tools, and the place of work for the person doing the work; (6) the length of time for which the one employed is engaged; (7) the method of payment, whether by the hour or by the job; (8) whether the work is part of the regular business of the employer; (9) whether the parties believe they are creating an agency relationship; and (10) whether the employer is or is not in business.
Haag, 256 Neb. at 190, citing Pettit v State, 249 Neb. 666 (1996).
In regard to the first criterion, the court stated, "[t]he right of control is the chief factor distinguishing an employment relationship from one of an independent contractor." Haag,256 Neb. at 190. In Pettit, the court discussed how "control" determines whether someone is an independent contractor: "The employer of an independent contractor may, without changing the status, exercise such control as is necessary to ensure performance of the contract in accordance with its terms."Pettit, 249 Neb. at 674, citing Larson v. HometownCommunications, Inc., 248 Neb. 942 (1995). "[A]n independent contractor is one who, in the course of an independent occupation or employment, undertakes work subject to the will or control of the person for whom the work is done only as to the result of the work and not as to the methods or means used. Such a person is not an employee within the meaning of the workers' compensation statutes." Pettit, 249 Neb. at 674, citing Hemmerling v. Happy CabCo., 247 Neb. 919 (1995).
In the instant case, the field inspectors set their own hours and decide when the crop will be inspected within the time frame set by the Respondent. No one supervises them, and they report to no one. The field inspectors have control over their specific daily tasks. The only time the field inspectors come to the Respondent's office is when they are trained, and contact from then on is by choice of the field inspector.
In Commissioner of Labor v. Lyric Co., 224 Neb. 190 (1986), the court found seasonal employees of a wholesale costume jewelry and ladies' accessory business to be independent contractors. Much like in the present case, the employees worked for a set season, set their own hours, were not generally supervised, were not paid for their expenses, and were not provided benefits. In addition, the workers were free to seek other employment between seasons.
In keeping with the criteria delineated in Haag, we conclude that the field inspectors are independent contractors. In Attorney General Opinion No. 89054 (July 17, 1989), we concluded that the Nebraska Fair Employment Practice Act does not encompass independent contractors.
It will not be necessary to respond to your second question because independent contractors are not covered by the Nebraska Fair Employment Practice Act.
Sincerely,
 DON STENBERG Attorney General
 Delores Coe-Barbee Assistant Attorney General
APPROVED BY:
_________________________ Attorney General